UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES L. ABRAHAMS,<br><br>                      Debtor/Appellant<br>vs.<br><br>MATHIAS HENTZ,<br><br>    Creditor/Appellee. | CASE NO. 12cv1560-GPC-BGS<br><br>**ORDER DENYING EMERGENCY MOTION TO STAY PENDING APPEAL AND AMENDED MOTION TO STAY**<br><br>[DKT. NOS. 24, 30] |

    In this case, pro se Appellant Charles Abrahams ("Appellant" or "Mr. Abrahams") appeals an order of the U.S. Bankruptcy Court overruling Mr. Abraham's objections to Claim No. 7 of Creditor Mathias Hentz. (Dkt. No. 1.) Approximately nine months after filing his appeal, Appellant moves this Court to enter an emergency stay of the sale of three properties pending the resolution of his appeal. (Dkt. Nos. 24 and 30, "Emergency Motion" and "Amended Emergency Motion".) For the reasons below, the Court hereby **DENIES** Appellant's motions to stay.

### DISCUSSION

    Appellant filed an emergency motion to stay the "sale of three properties owned by the Debtor and Carlanda LLC...[which] are subject to sales that have been approved by a judge who is subject to a motion to disqualify." (Emergency Motion at ¶ 1.) The properties in question

include: 4330 53rd Street, San Diego, CA; 4041 49th Street, San Diego, CA; and 4417 Parks Avenue, La Mesa, CA.  Appellant provides no facts regarding the pending sale of these properties.  Appellant asserts that there will be "irreparable injury" to him and Carlanda LLC if the properties are sold. (Emergency Motion at ¶ 2.) In support of a stay, Appellant relies 11 U.S.C. § 363(m), which states:

> a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C.A. § 363 (West)

In his Amended Emergency Motion, Appellant attempts to satisfy the four-part test that courts consider when determining a stay pending appeal: 1) the likelihood that the moving party will prevail on the merits of the appeal; 2) the likelihood that the moving party will suffer irreparable harm if the stay is not granted; 3) whether granting the stay will result in substantial harm to other parties; and 4) the effect of granting the stay upon the public interest. 10 Bankr. Prac. for Gen. Practitioner § 4:19; see also In re Norwich Historic Pres. Trust, LLC, 2005 WL 977067 (D. Conn. Apr. 21, 2005).  Appellant provides a series of allegations to support his claim for an emergency stay, but the supporting arguments are vague, ambiguous, and often unintelligible

Regardless of Appellants allegations, the Court finds Appellant's emergency motions are moot.  As an initial matter, the sale of the three properties in question were authorized and approved by final orders of the Bankruptcy Court after full notice and hearings thereon.  (See Dkt. No. 31, Trustee's Opposition to Appellant's Emergency Motions, Exhibits A-C, Bankruptcy Court Sale Orders Nos. 581, 582, 611.)  The escrows for each of the three property sales authorized and approved by the Bankruptcy Court have already closed.  (Dkt. No. 31, Declaration of Gary E. Slater at 6.)  Given that the sale orders have been finalized by the Bankruptcy Court after a full opportunity for Mr. Abrahams to be heard, and given that the escrows for each property have now closed, the Court holds that the issue is moot.  An issue becomes moot when it becomes impossible for the court to grant "any effectual relief whatsoever" on that issue to a prevailing party. See Church of Scientology v. United States, 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992)

1 (citing <u>Mills v. Green</u>, 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895)).

One of Appellant's principle arguments in support of his motion to stay is founded on his assertion that a denial of a stay will moot his appeal and therefore he will suffer irreparable harm if a stay is not granted. There are two problems with this assertion. First, the sales have already been finalized, rendering the emergency motions moot. As an additional matter, Appellant is under the mistaken impression that he has appealed the entirety of the Chapter 7 bankruptcy case. However, the only issue before this Court relates to Appellant's appeal of "Claim 7" by Creditor Mathias Hentz - this appeal does not include the orders authorizing the sale of the properties in question nor does it include additional creditors. (<u>See</u> Dkt. No. 31, Exhibit E, Tunnicliffe Creditors Statement). Indeed, Creditor Hentz and the Trustee are the sole appellees in this litigation. Therefore, not only is Appellant's emergency motion moot, but the Court disapproves of Mr. Abrahams' attempt to assert claims that are not present in the pending litigation. In addition, the Court finds that Appellant's emergency motions are a waste of judicial resources and cautions Appellant from filing future motions without any factual or legal basis. The Court has reviewed the numerous claims filed by Mr. Abrahams in the previous bankruptcy matter and, as Judge Latham in the Bankruptcy Court previously warned him, this Court also cautions Mr. Abrahams from filing frivolous claims in the future as they could constitute grounds for sanctions.

**CONCLUSION**

For the foregoing reasons, the Court hereby **DENIES** Appellant's emergency motions for stay.

**SO ORDERED.**

DATED: March 8, 2013

HON. GONZALO P. CURIEL
United States District Judge