# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES L. ABRAHAMS,<br><br>　　　　Debtor/Appellant<br><br>　vs.<br><br>MATHIAS HENTZ,<br><br>　　　　Creditor/Appellee. | Case No. 12cv1560-GPC-BGS<br><br>BAP No. SC-12-1319<br><br>Bankruptcy No. 10-00968<br><br>**ORDER GRANTING TRUSTEE'S MOTION TO DISMISS APPEAL AND MOTION TO STRIKE**<br><br>[ECF Nos. 20, 21] |

　　Before the Court is Trustee Leslie T. Gladstone's Motion to Dismiss Appellant Charles L. Abrahams Bankruptcy Appeal and Motion to Strike Appellant's Amended Appeal Notices, Designations, and Statements. (Dkt. Nos. 21, 22.) Having considered the parties' submissions and for the reasons set forth below, the Court hereby **GRANTS** Trustee's Motion to Dismiss and **GRANTS** Trustee's Motion to Strike.

## BACKGROUND

<u>Bankruptcy Proceedings</u>

　　On January 22, 2010, Debtor/Appellant Charles Abrahams ("Appellant" or "Abrahams") filed his petition for relief under Chapter 11 of the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court"). (Bk. Dkt. No. 1, Ch. 11 Voluntary Pet.) Appellant's case was subsequently

converted to Chapter 7 at a hearing held on February 16, 2012, pursuant to which Trustee Leslie T. Gladstone ("Trustee") was appointed by the Bankruptcy Court and has, at all times relevant to the matters herein, served as the Chapter 7 Trustee in Appellant's bankruptcy case. (See Bk. Dkt. No. 294, the "Conversion Order")

On August 4, 2010, Creditor/Appellee Mathias Hentz ("Appellee" or "Hentz") filed his Proof of Claim in the Bankruptcy Court in the secured amount of approximately $250,140.35. (Bk. Claim No. 7-1.) Mr. Hentz amended his claim on February 16, 2012, in the secured amount of approximately $281,364.43. (Bk. Claim No. 7-2, "Claim No. 7.") Mr. Abrahams filed objections to Claim No. 7 on February 16, 2012 and April 17, 2012. (See Bk. Dkt. Nos. 289-90, 338-39.) Mr. Hentz filed Responses to Appellant's Objections on March 16, 2012 and May 4, 2012. (See Bk. Dkt. Nos. 314, 346). On May 8, 2012, the Trustee filed a Statement of Position in Response to Debtor's Objection to Claim of Creditor Mathias Hentz, asserting that Mr. Abrahams' objections were without merit and should be overruled. (Bk. Dkt. No. 349.)

On May 17, 2012, the Bankruptcy Court convened a fully noticed hearing on Appellant's objections to Claim No. 7, and issued an order overruling Mr. Abrahams' objections. (See Bk. Dkt. No. 365, "Claim Objection Hearing," Bk. Dkt. Nos. 359, 365, 368.) Mr. Abrahams did not object to the Bankruptcy Court order and on June 21, 2012, the Bankruptcy Court entered its final Order Overruling Debtor's Objections to Claim No. 7 of Creditor Mathias Hentz. (Bk. Dkt. No. 372, "Claim No. 7 Order.")

On June 14, 2012, Appellant filed a Notice of Appeal of the Claim No. 7 Order to the Ninth Circuit Bankruptcy Appellate Panel ("BAP"). (Bk. Dkt. No. 385.) Per Mr. Hentz' timely election, the appeal was transferred to this Court on June 25, 2012. (See Dkt. No. 1.) On June 11, 2012, after commencing the present appeal, Appellant filed additional pleadings in Bankruptcy Court seeking reconsideration of the Claim No. 7 Order. (See Bk. Dkt. No. 380, "Reconsideration

Motion.")  After further extensive briefing by interested parties, the Bankruptcy Court denied Appellant's Reconsideration Motion on August 23, 2012.  (See Bk. Dkt. No. 445, Minute Order re: Debtor's Mot. to Amend and Alter Hentz Judgment.) The Bankruptcy Court entered the final order denying Mr. Abrahams' Reconsideration Motion on September 5, 2012.  (Bk. Dkt. No. 467.)

On August 9, 2012, Trustee filed a Motion to Approve a Compromise pursuant to a negotiated settlement agreement with the bankruptcy estate's two major secured judgment creditors-Appellee Hentz and the creditor group known as the Tunnicliffe Creditors.  (Bk. Dkt. Nos. 419-424, "Settlement Motion.")  The terms included two central agreements required to achieve the final settlement. First, Trustee proposed to transfer the bankruptcy estate's 4% property interest in 230-248 N. Golden Mall Associates, LLC ("GMA") to Mr. Hentz-who already has a 96% property interest in GMA-in consideration of Mr. Hentz' compromise and release of his remaining claims against the bankruptcy estate under Claim No. 7. (Bk. Dkt. No. 421, Trustee's Memo. in Support of Trustee's Settlement Mot. at 4.) The 4% interest in GMA is approximately equal to the amount claimed under Claim No. 7.  (Id.)  Second, Trustee proposed to make a partial distribution to the remaining secured creditor in the estate, the Tunnicliffe Creditors, in the amount of $500,000.00.  (Id at 3.)

On September 10, 2012, the Bankruptcy Court entered an order approving Trustee's Settlement Motion.  (Bk. Dkt. No. 475, "Settlement Order.")  Mr. Abrahams neither opposed Trustee's Settlement Motion nor the Settlement Order, which is now a final order of the Bankruptcy Court.  Pursuant to the Settlement Order, Trustee has distributed $500,000 from the bankruptcy estate to the Tunnicliffe Creditors.[1]  (Dkt. No. 422, Decl. of Trustee in Support of Mot. to Approve Compromise at 6.)

---

[1] As of June 3, 2013, Hentz has not yet received his 4% interest in GMA.  (Dkt. No. 52, Hentz's Appellee Brief/Response to Appellant's Opening Brief at 9.)

Appeals Proceedings

On June 14, 2012, Appellant filed a Notice of Appeal of the Bankruptcy Court's Claim No. 7 Order to the Ninth Circuit Bankruptcy Appellate Panel ("BAP"). (Bk. Dkt. No. 385.) Per Mr. Hentz' timely election, the appeal was transferred to this Court on June 25, 2012. (See Dkt. No. 1.) The only issue before this Court on appeal relate to Mr. Abrahams' appeal of Claim No. 7 by Creditor Hentz-this appeal does not include the Bankruptcy Court's orders authorizing the sale of any properties nor does it include other creditors. (See Dkt. No. 33, Order Denying Emergency Mot. and Am. Mot. to Stay Pending Appeal.) Pending before the Court are Trustee's Motion to Dismiss Appeal and Motion to Strike. (Dkt. Nos. 21, 22.)

## LEGAL STANDARD

The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law de novo. Havelock v. Taxel (In re Pace), 67 F.3d 187, 191 (9th Cir. 1995); Fed. Rules Bankr. Proc. Rule 8013. A factual finding is clearly erroneous if the appellate court, after reviewing the record, has a definite conviction that a mistake has been made. Beauchamp v. Hoose (In re Beauchamp), 236 B.R. 727, 729 (B.A.P. 9th Cir. 1999). Findings of fact based on credibility are given particular deference by reviewing courts. Id. at 730 (internal citation omitted). In applying a "clearly erroneous" standard of review, an appellate court views evidence in light most favorable to party who prevailed. Lozier v. Auto Owners Ins. Co., 951 F.2d 251, 253 (9th Cir.1991). Mixed questions of fact and law are reviewed de novo. Id. Mootness is a jurisdictional issue which the court reviews de novo. See In re Baker & Drake, 35 F.3d 1348, 1351 (9th Cir. 1994).

## DISCUSSION

Trustee seeks dismissal of Mr. Abrahams' appeal of the Bankruptcy Court's Claim No. 7 Order on three grounds: (1) The appeal is constitutionally and equitably moot; (2) Appellant failed to comply with the procedural requirements of

Fed. R. Bank. Proc. 8006 to perfect his appeal; and (3) Appellant failed to timely file opposition pleadings to Trustee's Motion to Dismiss and Motion to Strike.  (See Dkt. Nos. 20-21, 38.)  Alternatively, Trustee contends that Appellant's late-filed amended Notices of Appeal, Designations of Record, and Statements of Issue should be stricken from the record for noncompliance with Fed. R. Bank. Proc. 8006.  (Dkt. No. 20.)

Appellant asserts a number of arguments in opposition to Trustee's motions including, *inter alia*, the Bankruptcy Court's orders are void; the conversion to Chapter 7 was void for lack of cause; and Trustee should have withdrawn her representation of the estate because she breached her fiduciary duty to the estate and represented the Creditors who admitted to embezzlement.  (Dkt. No. 41, Mem. in Opp'n  to Trustee's Mot. to Dismiss Appeal at 2.)

The Court **GRANTS** Trustee's motions and finds the Appeal should be **DISMISSED** for the following reasons: the appeal is equitably moot, Appellant failed to perfect his appeal, and Appellant failed to comply with local civil rules and Court orders to timely file his opening brief and opposition pleadings.

**I. Appeal is Equitably Moot**

Trustee contends the appeal should be dismissed because the Settlement Order has rendered Mr. Abrahams' appeal constitutionally and equitably moot. Trustee states that Appellant failed to obtain a stay with the Bankruptcy Court pending this appeal, and failed to oppose Trustee's Settlement Motion and the Bankruptcy Court's Settlement Order, thereby allowing Trustee to commence the transfer of assets pursuant to the Settlement Order.  (Dkt. No. 21, Motion to Dismiss "MTD" at 7.)  As a result, $500,000 has been transferred to the Tunnicliffe Creditors and Trustee intends to transfer Appellant's 4% interest in GMA to Mr. Hentz.  (Id. at 9.)  Trustee argues that this distribution of funds and agreement to transfer the estate's 4% interest in GMA to Mr. Hentz renders this case moot because it ended the controversy and prevents this Court from overturning the

Bankruptcy Court's Claim No. 7 Order.  (Id. at 7.)

### A. Constitutional Mootness

For the following reasons, the Court concludes that Mr. Abrahams' appeal is not constitutionally moot.  The jurisdiction of federal courts is limited to actual cases and controversies. U.S. CONST. art. III, § 2, cl. 1.  Federal courts may not entertain an appeal if the case is moot, but "the party moving for dismissal on mootness grounds bears a heavy burden." Jacobus v. Alaska, 338 F.3d 1095, 1103 (9th Cir. 2003).  In the case of constitutional mootness, the focus is on whether there is an ability to alter the outcome in a manner that appellant can obtain relief. Maxwell Tech., Inc. v. ISE Corp. (In re ISE Corp.), 2012 WL 4793068 at 2 (S.D. Cal. 2012).  "The test for mootness on appeal is whether the appellate court can give appellant any effective relief on the merits in his favor.  If the court can grant such relief, the matter is not moot." Felser Publ'g v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir. 1986) (quotations omitted).  An appeal is not constitutionally moot if a court can reverse the plan confirmation or require modification of the plan to provide relief to appellant. See Motor Vehicle Cas. Co. v. Thorpe Insulation Co. (In re Thorpe Insulation Co.), 677 F.3d 869, 880 (2012).

Trustee contends that the Settlement Order has rendered this appeal constitutionally moot because there is no longer a justiciable case or controversy. (Dkt. No. 21, Mot. to Dismiss at 7.)  Further, Trustee states that Appellant waived any right to appeal the Settlement Order by failing to oppose Trustee's Settlement Motion and the Bankruptcy Court's Settlement Order, resulting in a change in circumstances that renders this case moot.  (Id.)  The Court concludes that the present appeal is not constitutionally moot because it is possible to give relief to Appellant on the merits by reversing or modifying the Settlement Agreement.  See

e.g., In re ISE Corp., 2012 WL 4793068 at 2.[2]

## B. Equitable Mootness

The Court concludes this appeal is equitably moot because Mr. Abrahams failed to seek a stay of bankruptcy proceedings and the Settlement Agreement has been carried out to a substantial culmination. The equitable mootness doctrine derives from the policy that debtors, creditors, and third parties should be able to rely on the finality of bankruptcy judgments. In re Thorpe, 677 F.3d at 880. In determining whether an appeal is equitably moot, the Ninth Circuit adopts a test similar to those developed by the Second, Third, and Fifth Circuits. Id. at 880-81. Whether to dismiss a case on equitable mootness grounds requires asking, first, "whether a stay was sought, for absent that a party has not fully pursued its rights." Id. at 880. If a stay was sought but not obtained, the Court considers (1) "whether substantial consummation of the plan has occurred," (2) "the effect on third parties not before the court," and (3) "whether the bankruptcy court can fashion effective and equitable relief without completely knocking the props out from under the plan." Id.

### i. Mr. Abrahams Failed to Seek a Stay

A bankruptcy appeal may become "equitably moot" when an appellant fails to obtain a stay or neglects to pursue diligently available remedies to obtain a stay of the objectionable orders of the bankruptcy court, thus permitting such a "comprehensive change of circumstances" to occur as to render it inequitable for [the] court to consider the merits of the appeal." In re ISE Corp., 2012 WL 4793068 at 2 (citing In re Thorpe, 677 F.3d at 880). A "party's failure to seek a stay may, by itself, render that party's claims equitably moot." Stokes v. Gardner, 2012 WL 1944552 (9th Cir. 2012) (citing In re Roberts Farms, Inc., 652 F.2d at 798) ("If an appellant fails to obtain a stay after exhausting all appropriate remedies, that well

---

[2] The Court notes that Trustee has not yet transferred the bankruptcy estate's 4% interest in GMA to Mr. Hentz pursuant to the Settlement Order. As such, the Bankruptcy Court may still modify the Order.

may be the end of his appeal."). Failure to obtain a stay, however, does necessarily require the conclusion of equitable mootness where parties use due diligence in seeking a stay. See Fred Lowenschuss v. Beverly Selnick (In re Lowenschuss), 170 F.3d 923, 933; Focus Media, Inc. v. Nat'l Broad. Co. (In re Focus Media, Inc.), 379 F.3d 916, 924 (9th Cir. 2004) (declining to apply the equitable mootness doctrine where the appellants requested stays from bankruptcy court but were denied). A failure to obtain a stay is one factor to be considered in assessing equitable mootness but it is not necessarily controlling. In re Thorpe, 677 F.3d at 880-81. But where appellant makes no effort to obtain a stay of bankruptcy proceedings while his appeals are pending, his appeals are likely equitably moot. In re ISE Corp., 2012 WL 4793068 at 3.

Here, although Appellant filed a Motion for Reconsideration in Bankruptcy Court and a Notice of Appeal opposing the Bankruptcy Court's Claim No. 7 Order, Appellant never sought a stay of bankruptcy proceedings pending appeal to this Court. In re Roberts Farms, Inc., 652 F.2d at 795 ("Appellants did not at any time apply to the bankruptcy judge for a stay."). Following the Bankruptcy Court's June 1, 2012 Order Overruling Debtor's Objections to Claim No. 7, Appellant filed a Reconsideration Motion with the Bankruptcy Court, which was ultimately denied, and simultaneously filed a Notice of Appeal appealing Claim No. 7 Order to the Ninth Circuit BAP. Despite filing these pleadings, the Bankruptcy Court docket reflects that Appellant never filed any motions to stay the bankruptcy proceedings, which allowed all the subsequent proceedings, including the Settlement Agreement, to move forward.

On September 10, 2012, the Bankruptcy Court entered the Settlement Order granting Trustee's Settlement Motion, finding that it was in the best interest of the estate. (Bk. Dkt. No. 475.) Appellant did not object either to Trustee's Settlement Motion or to the Settlement Order; neither did he pursue a stay of the bankruptcy proceedings pending appeal after the Settlement Order was issued. The negotiated

Settlement Agreement involves the Appellant and Mr. Hentz, as well as the bankruptcy estate's other major secured creditor not before the Court-the Tunnicliffe Creditors. Pursuant to the Bankruptcy Court's approval of the Settlement Motion, Trustee transferred $500,000 to the Tunnicliffe Creditors. Trustee also seeks to finalize the Settlement Agreement by transferring Appellant's 4% interest in GMA to Mr. Hentz. Appellant's failure to pursue a stay allowed the Settlement Agreement to go forward, thereby permitting a "comprehensive change of circumstances" to occur. In re ISE Corp., 2012 WL 4793068 at 2. As such, it would be inequitable to allow his appeal to go forward. See id.

### ii. Substantial Consummation of the Settlement Agreement Has Occurred Making Relief Untenable

The Court also considers whether a substantial consummation of the plan has occurred because failure to obtain a stay, standing alone, is "often fatal but not necessarily so" and neither is the "substantial culmination" of a relatively simple reorganization plan. Public Service Co. of New Hampshire, 963 F.2d 469, 473 and n. 13 (1st Cir. 1992). The Bankruptcy Code defines substantial consummation as: (a) transfer of all or substantially all of the property proposed by the plan to be transferred; (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (c) commencement of distribution under the plan. 11 U.S.C. § 1101(2); see In re Thorpe, 677 F.3d at 882 (concluding that plan not substantially consummated where only $135M of the $600M involved in the plan had been transferred). Although "unscrambl[ing] the eggs" may be theoretically possible, under these circumstances, the Court finds that allowing Appellant to proceed with his appeal would be inequitable. See Baker & Drake, Inc. v. Public Service Comm'n of Nevada (In re Baker & Drake, Inc.), 35 F.3d 1348, 1351 (1994).

Due to Appellant's failure to obtain a stay of the bankruptcy proceedings, Trustee has commenced distribution of assets pursuant to the Settlement Order,

including to the Tunnicliffe Creditors who are third parties not before the Court. (Bk. Dkt. No. 421, Trustee's Memo. in Support of Trustee's Settlement Mot. at 4.) The Settlement Agreement is a negotiated settlement between the bankruptcy estate and two of the estate's major creditors. (Id.) Mr. Hentz' agreement to release the bankruptcy estate from all remaining obligations under Claim No. 7 in exchange for the estate's transfer of Appellant's 4% interest in GMA and early transfer of $500,000 to the Tunnicliffe Creditors was determined to be in the best interests of the estate by the Bankruptcy Court. (See Bk. Dkt. No. 475, Settlement Order.)

It is unlikely that the Bankruptcy Court would be able to grant Appellant relief "without completely knocking the props out from under the [Settlement Agreement]" because the Settlement Agreement is a result of a complex negotiated agreement to resolve not only Hentz' claims, but also claims of the Tunnicliffe Creditors. See In re Thorpe, 677 F.3d at 881. The Claim No. 7 Order, which Mr. Abrahams has appealed to this Court, is a key component to the settlement agreement that has commenced. Claim No. 7 identified the amount that Mr. Hentz claims as a creditor. Mr. Hentz agreed to release Claim No. 7 as part of the settlement agreement in exchange for Mr. Abrahams' 4% interest in GMA. With full notice of the Settlement Order, Appellant did not oppose the Order or seek a stay of the bankruptcy proceedings. Accordingly, in reliance on the Settlement Order, Trustee has made a substantial distribution of estate funds and committed the estate to transfer the estate's interest in GMA to Mr. Hentz.[3] Overturning the Claim No. 7 Order at this point in the bankruptcy proceedings would constitute "unscrambling the eggs." See In re Baker & Drake, Inc., 35 F.3d at 1351. The Court refuses to do so.

As an additional matter, Mr. Abrahams has had two opportunities to be heard

---

[3] At the time Trustee filed the Settlement Motion, the bankruptcy estate's assets included $1,200,000.00 and proceeds from three properties. (Bk. Dkt. No. 421, Trustee's Memo. in Support of Settlement Motion at 2.) Pursuant to the Settlement Agreement, $500,000.00 has been transferred to the Tunnicliffe Creditors, the estate's largest secured debt creditor.

before the Bankruptcy Court on this matter. Accordingly, this Court finds that due to Appellant's failure to seek a stay, substantial consummation of the plan pursuant to the Settlement Order has occurred, thereby rendering Mr. Abrahams' appeal of the Claim No. 7 Order equitably moot.

### iii. Granting Relief to Appellant Would Bear Unduly on Third Parties

Last, the Court evaluates "whether modification of the plan . . . would bear unduly on the innocent." In re Thorpe, 677 F.3d at 882 (quoting In re N. LaSalle St. Pshp., 126 F.3d 955, 961 (7th Cir. 1997)). In determining whether an appeal is equitably moot, "the question is not whether it is possible to alter a plan such that no third party interests are affected, but whether it is possible to do so in a way that does not affect third party interests to such an extent that the change is inequitable." Id. An important consideration is whether all parties affected by the appeal are before the court. Id.; see In re Arnold & Baker Farms, 85 F.3d 1415, 1420 (9th Cir. 1996).

Trustee states that the granting Appellant relief would be inequitable because Trustee has already transferred $500,000 from the estate to the Tunnicliffe Creditors in reliance on the Settlement Agreement involving the estate, Mr. Hentz, and the Tunnicliffe Creditors. The Court agrees with Trustee. As the Court has previously reminded Mr. Abrahams, the only issue on appeal before this Court is the Bankruptcy Court's Claim No. 7 Order-the Court will not consider Appellant's objections to the Tunnicliffe Creditors' claim. On June 12, 2012, the Bankruptcy Court entered an Order Allowing the Tunnicliffe Amended Claim, which overruled Mr. Abrahams' objections to the Tunnicliffe Amended Claim and allowed the claim in its entirety. (Bk. Dkt. No. 383, "Claim No. 6 Order.") The Bankruptcy Court's Claim No. 6 Order was never appealed and is not subject to further review by this Court.

The Court concludes that granting Appellant relief will likely unravel the

Settlement Agreement, thereby unduly affecting the Tunnicliffe Creditors, innocent third parties not before the Court. See In re Thorpe, 677 F.3d at 882.

For the above reasons, the Court finds Appellant's appeal is equitably moot.

**II. Appellant Failed to Perfect Appeal**

Trustee argues that Mr. Abrahams' appeal should be dismissed because he has failed to prosecute and perfect his appeal. (Dkt. No. 21, Mot. to Dismiss at 6.) Alternatively, Trustee contends that Appellant's late-filed amended Notices of Appeal, Designations of Record, and Statements of Issue should be stricken from the record for noncompliance with procedural rules governing bankruptcy appeals. (Dkt. No. 20.) Mr. Abrahams does not address Trustee's arguments regarding his failure to comply with procedural requirements to perfect his appeal. (See Dkt. No. 41.) The Trustee contends that Appellant failed to prosecute his appeal because he failed to file a Designation of Record and Statement of Issues on Appeal according to the guidelines set forth in Fed. R. Bank. Proc. 8006. (Id. at 6.)

In prosecuting appeals, Bankruptcy Rule 8006 requires an appellant to file with the clerk and serve on the appellee a designation of items to be included in the record and a statement of issues within 14 days after filing a notice of appeal. Fed. R. Bank. Proc. 8006. Bankruptcy Rule 8001(a) provides in part: "Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is grounds only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed. R. Bank. Proc. 8001(a).

A procedural violation of a bankruptcy rule alone is an insufficient basis for granting a motion to dismiss an appeal. See Fitzsimmons v. Nolden, 920 F.2d 1468, 1472 (9th Cir. 1990). The general rule on a motion to dismiss for failure to perfect appeals, as specified by Bankruptcy Rule 8006, is that the district court must consider alternative sanctions before dismissing an appeal. Id. However, in "egregious circumstances, a court may dismiss an appeal for noncompliance with

procedural rules without explicit consideration of alternative sanctions." Id. at 1473 (citing In re Donovan, 871 F.2d 807, 808-09 (9th Cir. 1989). Bad faith conduct is an "egregious circumstance" that justifies dismissal even without explicit consideration of other sanctions because bad faith "poses such a serious threat to the authority of the district court." Id. at 1473-1474. Dilatory conduct that constitutes bad faith includes "extreme and unexcused delay in complying with the requirements of Bankruptcy Rule 8006." In re Patin, 199 B.R. 728, 731-32 (N.D. Cal. 1996) (dismissing appeal where appellant provided "no plausible explanation for its failure timely to complete the record on appeal for appellant's eight month delay in serving the designation of pleadings).

On June 2, 2012, the Clerk of the District Court issued a Notice of Appeal from the Bankruptcy Court. (Dkt. No. 1.) Pursuant to Fed. R. Bank. Proc. 8006, Appellant's Designation of Record should have been filed on or before June 28, 2012-14 days after filing his Notice of Appeal. See Fed. R. Bank. Proc. 8006. On August 3, 2012, the Clerk of the District Court docketed a Notice of Unperfected Appeal issued by the Bankruptcy Court. (See Dkt. No. 2; Bk. Dkt. No. 418.) On September 20, 2012, Appellant filed his [Original] Designation of Items to be Included in Record on Appeal ("Designation of Record"), [Original] Statement of Issues on Appeal, [Additional] Designation of Record, and [Additional] Statement of Issues on Appeal in the Bankruptcy Court. (Bk. Dkt. Nos. 498-500; see Dkt. Nos. 3-6, Records Parts 1-36.) Appellant also filed a [First] Amended Notice of Appeal in the Bankruptcy Court on September 20, 2012, wherein Appellant attempts to expand the scope of his Original Notice beyond the Bankruptcy Court's June 1, 2012 Claim No. 7. Order  (Bk. Dkt. No. 496.)  The only issue before this Court, however, relates to the Hentz Claim-Claim No. 7-and does not include other creditors or judgments. (See Dkt. No. 33, Order Denying Emergency Mot. to Stay Pending Appeal.)

On September 28, 2012, Appellant filed his [First] Amended Designation of

Record. (Bk. Dkt. No. 507.) On December 19, 2012, this Court issued an order instructing the parties to file any additional Records of Appeal no later than January 15, 2013. (Dkt. No. 8, Order Setting Filing Briefs and Hearing on Mot. at 1.) Since then, Appellant has filed the following items:

| Date of Filing | Description | Bk. Dkt. No | Dkt. No. |
|---|---|---|---|
| Jan. 15, 2013 | [Second Amended] Designation of Record | 585 | 9-10 |
| Jan. 15, 2013 | [Second] Statement of Additional Issues | 586 | ----- |
| Feb. 5, 2013 | Second Amended Notice of Appeal | 616 | 13 |
| Mar. 22, 2013 | Second Statement of Additional Issues | 642 | 35 |
| Mar. 26, 2013 | Second Amended Designation of Record | 646 | 36 |
| May 13, 2013 | Third Amended Notice of Appeal | 666 | 46 |
| May 13, 2013 | Third Amended Designation of Record | 667 | 42, 48 |
| May 13, 2013 | Third Statement of Additional Issues | 668 | 50 |

Appellant has not made any efforts to provide an explanation for his dilatory conduct in filing his initial Designation of Record and Statement of Issues over three months after his filing of a Notice to Appeal. This Court extended to Appellant an opportunity to complete his Record of Appeal by January 15, 2013, which Appellant has disregarded as he has continued to file amended Notices of Appeal, Designations of Record, and Statements of Additional Issues after that deadline. The record plainly reflects that Appellant has failed to comply with Bankruptcy Rule 8006 and this Court's scheduling orders. Therefore, the Court finds that in light of Appellant's disregard for procedural rules governing bankruptcy appeals, and due to the lack of any explanation for his untimely

attempts to enlarge the scope and record of his appeal, the Court deems to be stricken from the record the following:

>Second Amended Notice of Appeal (Bk. Dkt. No. 616.)
>
>Second Statement of Additional Issues (Bk. Dkt. No. 642.)
>
>Second Amended Designation of Record (Bk. Dkt. No. 646.)
>
>Second Designation of Record (Bk. Dkt. No. 656.)
>
>Third Amended Notice of Appeal (Bk. Dkt. No. 666.)
>
>Third Amended Designation of Record (Bk. Dkt. No. 667.)
>
>Third Statement of Additional Issues (Bk. Dkt. No. 668.)

### III. Appellant Failed to Timely File Pleadings

The Court finds Appellant has also failed to timely file opposition pleadings. The Trustee's motions were filed and served on Appellant on February 28, 2013, each accompanied by written notice of the hearing thereon scheduled for May 3, 2013. (Dkt. Nos. 21, 22.) Civil Local Rule 7.1.e.2. applies here and plainly requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen (14) calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. The fourteen (14) calendar days deadline is "increased for purposes of mail service upon opposing parties of counsel by three (3) days." Civ. Local R. 7.1.e.4.1. Civil Local Rule 7.1.f.3. further provides that "of an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. Local R. 7.1.f.3.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion); United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979).

Even though the court has an obligation to liberally construe their pleadings, "pro se litigants are bound by the rules of procedure." Ghazali, 46 F.3d at 54. Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).

      Here, the Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the [Creditor Hentz]" weigh in favor of granting the Motion to Dismiss and Motion to Strike based on Appellant's failure to file a timely opposition. See Ghazali, 46 F.3d at 53. The majority of these factors weigh in favor of dismissal. The docket reflects a history of Appellant's continuous and repetitive failure to comply with this Court's rules. Previously, in addition to his failure to comply with Bankruptcy Rules governing appeals and local rules regarding timely opposition pleadings, Appellant has failed to follow court-issued briefing schedules. On December 19, 2012, this Court issued a scheduling order instructing Appellant to file his opening brief by February 4, 2013. Appellant did not file an opening brief by this deadline. On February 12, 2013, without providing any explanation for the delay, Appellant filed a request to extend the opening brief deadline. (Dkt. No. 15.) The Court then ordered Appellant to file his opening brief by March 4, 2013. (Dkt. No. 16.) Once again, Appellant failed to file any opening brief by the extended deadline. On March 6, 2013, Appellant filed yet another request for an extension of time, which the Court granted and set for May 15, 2013. (Dkt. Nos. 28, 39.) Appellant filed his Brief on May 15, 2013, in which he once again attempts to assert claims that are not present in the pending litigation.

1  Due to Appellant's failure to comply with the Local Civil Rules and Court
2  Orders, the Court finds good cause to dismiss the appeal.

### CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Trustee's Motion to Dismiss Appeal and Trustee's Motion to Strike are **GRANTED**. (Dkt. Nos. 20, 21.) Mr. Abrahams' appeal is **DISMISSED WITHOUT PREJUDICE**, and the hearing for Arguments on Appellant's Bankruptcy Appeal, currently set for June 21, 2013, is **VACATED**.

**IT IS SO ORDERED.**

DATED: June 18, 2013

HON. GONZALO P. CURIEL
United States District Judge